UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SIDNEY ROBINSON (#377294)**

**VERSUS**

**N. BURL CAIN**

**CIVIL ACTION**

**NO. 15-746-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 9, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SIDNEY ROBINSON (#377294)

VERSUS

N. BURL CAIN

CIVIL ACTION

NO. 15-746-SDD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. There is no need for oral argument or for an evidentiary hearing.

On or about November 3, 2015, the *pro se* petitioner, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his criminal conviction and sentence, entered in 1997 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The petitioner asserts that his guilty plea was invalid.

**Pertinent Procedural History**

On January 22, 1997, the petitioner pled guilty to two counts of first degree murder. On March 25, 1997, the petitioner was sentenced, on each count, to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence, to be served consecutively.

The petitioner did not appeal his conviction or sentence. On September 28, 2001, the petitioner filed his first Application for Post-Conviction Relief, which was denied by the trial court on February 5, 2002. Thereafter, the petitioner filed two additional Applications for Post-Conviction Relief, which were denied by the trial court. The petitioner sought further review of the denial of his third PCR application, which was denied by the First Circuit on November 19,

2014, and by the Louisiana Supreme Court on October 23, 2015. *See State v. Robinson,* 14-1524 (La. App. 1 Cir. 11/19/14), 2014 WL 12570088 and *State ex rel. Robinson v. State,* 14-2627 (La. 10/23/15), 177 So.3d 1055. On November 3, 2015, the petitioner filed the present application.

**Applicable Law and Analysis**

Based upon the foregoing, this Court concludes that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the petitioner was sentenced on March 25, 1997. Because the petitioner did not appeal or seek reconsideration of his sentence, the judgment became final, by operation of law, on March 30, 1997, upon the passage of the time allowed for him to pursue an appeal (5 days after his sentencing).[1] Therefore, absent tolling, his petition was required to be filed on or before March 30, 1998. The petitioner waited over four years before seeking <u>any</u> post-conviction relief. The instant petition was not filed until November 3, 2015. Accordingly, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish that he is entitled to equitable tolling. The record does not reflect that there is any basis for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

---

[1] *See Williams v. Louisiana,* Civ. No. 10-1521, 2011 WL 1527219 (E. D. La. Mar. 28, 2011) (report and recommendation adopted, 2011 WL 1527027), *citing Roberts v. Cockrell,* 319 F.3d 690, 694–95 (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process). At the time of the petitioner's sentencing, Louisiana Code of Criminal Procedure article 914 provided, in pertinent part, that a motion for an appeal must be made no later than 5 days after the rendition of the judgment or ruling from which the appeal is taken.

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DeGuglielmo, supra,* 544 U.S. at 418.  Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling.  *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000).  Further, equitable tolling "is not intended for those who sleep on their rights."  *Manning v. Epps,* 688 F.3d 177, 183 (5th Cir. 2012).  Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts.  *See Ramos v. Director,* 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010).  "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The petitioner has not shown that he has been pursuing his rights diligently.  The petitioner waited over four years to file his Application for Post-Conviction Relief.  Such extended period of inactivity cannot be considered reasonable diligence.  Accordingly, the petitioner has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus application.  The petitioner's application, therefore, should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied.  An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. §

2253(c)(1)(A).  Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 9, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**